UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| MICHAEL RICHARDSON | CIVIL ACTION NO. 3:14-cv-0828 |
|     LA. DOC #336164 | |
| VS. | SECTION P |
| | |
| | JUDGE ROBERT G. JAMES |
| | |
| ERIC GIVEN, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Michael Richardson, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 16, 2014. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (DOC).  He is incarcerated at the Madison Parish Detention Center (MPDC) and complains that the defendants – Corrections Officials at MPDC and the DOC as well as his parole officers –  have miscalculated his sentence and he is being held beyond his release date which he calculates to be March 5, 2014.  He prays for compensatory damages for mental and emotional distress and for false imprisonment and an order directing his immediate release from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Statement of the Case*

Plaintiff is a DOC inmate. He is serving the sentence imposed following the revocation of parole.  According to his calculations, he should have been released on March 5, 2014. His

numerous requests to corrections officials requesting recalculation of his sentence have been ignored or denied.

### Law and Analysis

### 1. Screening

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2).  Both §1915(e)(2) (B) and §1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### 2. Release from Custody

Plaintiff prays for his immediate release from custody.  Such relief is not available in a civil rights action filed pursuant to Section 1983. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997). Such relief is available, if at all,  in a *habeas corpus* action. To the extent that he

maintains that he is in custody pursuant to the judgment of a State court, he must seek relief in a

petition for *habeas corpus* pursuant to 28 U.S.C. §2254; to the extent that he claims that his

continued detention is otherwise in violation of the Constitution and laws of the United States, he

must seek relief in a petition filed pursuant to 28 U.S.C. §2241.  In either case, he must first

exhaust available state court remedies by fairly presenting the substance of his Constitutional

claims to Louisiana's three tiered court system. Since release from custody is not available in this

proceeding, plaintiff fails to state a claim for which relief may be granted.

### 3. Heck v. Humphrey Considerations

Plaintiff also seeks compensatory damages for each day served in custody beyond March

5, 2014.  That claim is barred by the principals enunciated in *Heck v. Humphrey*, 512 U.S. 477,

486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, the Supreme Court held that a § 1983

plaintiff may not recover damages for an unlawful conviction or sentence unless the plaintiff

shows "that the conviction or sentence has been reversed on direct appeal, expunged by

executive order, declared invalid by a state tribunal authorized to make such determination, or

called into question by a federal court's issuance of a writ of *habeas corpus*." 512 U.S. at

486–87. *Heck* also applies to challenges to the computation of a prisoner's sentence. *See*

*McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 160–61 (5th Cir.1995).

Before plaintiff may obtain money damages for his claim of false imprisonment, he must

first demonstrate that the allegedly erroneous sentence computation was reversed, expunged, or

otherwise declared invalid.

### 4. *42 U.S.C.§1997e*

Finally, plaintiff seeks damages for mental and emotional distress. Title 42

U.S.C.§1997e(e), provides "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  The "'physical injury' required by § 1997e(e) 'must be more than *de minimus* [sic], but need not be significant.' " *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997)) (alteration in original).  Plaintiff has not alleged any physical injury resulting from his false imprisonment claim and therefore his claim for damages for mental and emotional distress is also frivolous.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted. in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14)days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** ***Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996),** ***superceded***

*by statute on other grounds*, **28 U.S.C. § 636(b)(1) (extending the time to file objections from**

**ten to fourteen days).**

In Chambers, Monroe, Louisiana, April 30, 2014.


_____

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**